IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GOLD MEDAL PRODUCTS CO., | Case No. 17-cv-04084 |
| Plaintiff, | Hon. Marvin E. Aspen |
| v. | |
| BELL FLAVORS AND FRAGRANCES, INC. and WILLIAM TODD SUNDERHAUS, | |
| Defendants. | |

**<u>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>**

Defendants Bell Flavors and Fragrances, Inc. and William Todd Sunderhaus, by their undersigned counsel, pursuant to Fed. R. Civ. Proc. 56, move for entry of summary judgment on the Complaint filed by Plaintiff Gold Medal Product Co. ("Gold Medal"). In support thereof, Defendants state as follows:

1. Gold Medal's Complaint alleges: (1) misappropriation under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 *et. seq.*, against Bell and Mr. Sunderhaus (Count I); (2) misappropriation under the Illinois Trade Secrets Act ("ITSA"), 765 ILCS § 1065, *et. seq.*, against Bell and Mr. Sunderhaus (Count II); and (3) breach of contract against Mr. Sunderhaus (Count III).

2. The Complaint alleges, in summary, that Defendants copied Gold Medal's "secret recipe" for its caramel popcorn glaze and used it to help Bell's customer develop a competing popcorn glaze. The undisputed material facts show that Gold Medal's claims are meritless.

3. Gold Medal's trade secrets claims in Counts I and II fail as a matter of law for several distinct reasons. There is no evidence that Defendants copied—much less even could

copy—Gold Medal's caramel popcorn glaze recipe. Gold Medal does not make, nor does it know how to make, the key flavor ingredients in the very recipe it accuses Defendants of misappropriating. Gold Medal and Bell also have different manufacturing processes, and it is scientifically impossible for Bell to copy Gold Medal's recipe using Bell's process. Moreover, Gold Medal and Bell do not make the same product. Gold Medal's product is a consumer-ready popcorn glaze while Bell's product is simply a flavor ingredient that requires further manufacturing by its customer; their products are different in color, texture, aroma, and taste.

4. In addition, Gold Medal's alleged "trade secret" information is in part published on publicly accessible websites and as such cannot hold trade secret status. *See*, *e.g.*, *Am. Hearing Aid Assocs., Inc. v. GN ReSound North Am.*, 309 F. Supp. 2d 694, 706 (E.D. Pa. 2004).

5. As a result, the evidence shows that there could be no misappropriation as a matter of law, and no genuine issue of material fact exists on Gold Medal's claims under DTSA or ITSA. 18 U.S.C. § 1836 *et. seq;* 765 ILCS § 1065, *et. seq.*; *see also Spitz v. Proven Winners North America, LLC*, 969 F. Supp. 2d 994, 1007 (N.D. Ill. 2013); *Veronica Foods Co. v. Ecklin*, No. 16-cv-07223-JCS, 2017 WL 2806706, at *13 (N.D. Cal. June 29, 2017).

6. In addition, Gold Medal's breach of contract claim fails because the Gold Medal employee handbook that Gold Medal claims constitutes a written confidentiality agreement with Mr. Sunderhaus is not a valid or enforceable agreement with Mr. Sunderhaus. *See Karnes v. Doctors Hosp.*, 555 N.E.2d 280, 282 (Ohio S. Ct. 1990); *Stanich v. Hissong Group, Inc.*, No. 2:09-cv-143, 2010 WL 3732129, at *4-*5 (S.D. Ohio Sept. 20, 2010). Moreover, any alleged verbal agreement between Gold Medal and Mr. Sunderhaus fails for lack of definiteness, lack of consideration, and pursuant to the applicable statute of frauds. *See* Ohio Rev. Code Ann. § 1335.05 (2017); *Episcopal Retirement Homes, Inc. v. Ohio Dep't of Indus. Relations*, 575 N.E.2d

134, 137 (Ohio S. Ct. 1991); *Stanich*, 2010 WL 3732129, at *5. Finally, there certainly is no evidence of a breach of any such alleged agreement by Mr. Sunderhaus.

7. In further support of this Motion, Defendants adopt and incorporate their L.R. 56.1 Statement of Material Facts, with exhibits, and their Brief in Support of Defendants' Motion for Summary Judgment.[1]

WHEREFORE, Defendants request that the Court enter summary judgment in their favor on all counts of Gold Medal's Complaint, dismiss the Complaint with prejudice, award Defendants costs, and award Defendants such further relief as the Court deems appropriate.

Dated: July 25, 2017

Respectfully submitted,

By: /s/ Julie Stahr
Matthew Prewitt
Julie Stahr
Jin Yan
SCHIFF HARDIN LLP
233 S. Wacker Drive, Suite 7100
Chicago, Illinois 60606
Tel: (312) 258-5500
Fax: (312) 258-5700

*Attorneys for Defendants
Bell and Fragrances, Inc. and
William Todd Sunderhaus*

---

[1] Redacted versions of these documents are filed with this Motion pending the Court's ruling on Defendants' contemporaneously filed Motion to File Under Seal.

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on July 25, 2017, a true and correct copy of the foregoing Defendants' Motion for Summary Judgment was electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the Court's CM/ECF System, which shall send notification of such filing to all counsel of record.

/s/ Jin Yan

CH2\19808885.1