# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| GOLD MEDAL PRODUCTS CO., | ) |
| Plaintiff, | ) |
| v. | ) No. 1:17-CV-4084 |
| BELL FLAVORS AND FAGRANCE INC. et al., | ) Hon. Charles R. Norgle |
| Defendants. | ) |

## **OPINION AND ORDER**

Plaintiff Gold Medal Products Co. ("Plaintiff") brings this action against Bell Flavors and Fragrance Inc. ("Bell") and William Todd Sunderhaus ("Sunderhaus") (collectively "Defendants") under the Defense of Trade Secrets Act ("DTSA") and Illinois Trade Secrets Act ("ITSA") for Defendants' alleged misappropriation of Plaintiff's caramel "Glaze Pop" recipe and flavor profile. Plaintiff brings a claim against Sunderhaus individually for breach of contract (Count III). Before the Court is Defendants' motion for summary judgment. For the following reasons, Defendants' motion for summary judgment is denied.

## I. BACKGROUND

On March 8, 2016, Plaintiff sued Defendants in the U.S. District Court for the Southern District of Ohio, Case No. 16-CV-365. On April 14, 2017, the U.S. District Court for the Southern District of Ohio ruled that the court lacked personal jurisdiction over Bell with regard to Plaintiff's federal and state trade secret claims, and that Bell was an indispensable party. Defs'. Statement of Material Facts SOMF, Ex. C., Gold Medal Prod. Co. v. Bell Flavors & Fragrances, Inc., 2017 WL 1365798, at *10 (S.D. Ohio Apr. 14, 2017). Plaintiff voluntarily dismissed the remaining counts of the case. On May 30, 2017, Plaintiff filed this action.

Plaintiff a Cincinnati, Ohio based concessions supplier, produces and sells: salt, glazes, oil, seasonings for popcorn, and a product line called Glaze Pop, which is comprised of different flavored glazes and used for coating popcorn while it cooks. Plaintiff's methods and recipes for Glaze Pop are kept confidential. Plaintiff's alleged secret recipe includes non-public ingredients, bought from specific suppliers. Plaintiff asserts that it is not the names of these ingredients which are not public (i.e. toffee), but rather the specific chemical composition of each ingredient that are kept confidential. Plaintiff executes confidentiality agreements with third party suppliers to further limit public access to the components of its recipe. Plaintiff also limits its own employees' access to the Glaze Pop recipe and only those employees who were responsible for the production of Glaze Pop—fourteen employees—have access to the secret recipe. Plaintiff keeps a paper copy of the recipe in a locked safe and a digital copy on a password protected network.

From March, 2005 through March, 2014, Sunderhaus worked for Plaintiff at its headquarters in Cincinnati, Ohio, as its sole food technologist. While working for Plaintiff, Sunderhaus signed an employee handbook which states in part:

> This employee handbook is presented for informational purposes only, and can be changed at any time by Bold Medal Products Company with or without notice. This handbook is not an employment contract, express or implied. Gold Medal Products Company's employees are employees at will and either the employee or Gold Medal Products Company can terminate the employment relationship at any time for any reason or without reason.

("SOMF"), Ex. A at 23. Among other responsibilities, Sunderhaus oversaw quality control for the ingredients, sourcing flavors and other ingredients from third parties, and the mixing process for Plaintiff to produce the caramel Glaze Pop. To carry out his job duties, he had to know

Plaintiff's caramel Glaze Pop recipe. The parties dispute, however, whether Plaintiff required oral assurances of confidentiality from Sunderhaus while he was employed with Plaintiff.

In March, 2014, Sunderhaus left Plaintiff's employment and began working for Bell as a Senior Flavorist. Bell, a "flavor house", develops specific flavors and fragrances to meet the requirements of its customers. A flavorist works to create and develop the flavors that flavor companies (Bell) sell to food companies (Plaintiff). Sunderhaus worked in Bell's laboratory developing flavor ingredients for Bell's customers. Plaintiff purchases flavor ingredients, such as those used in its Caramel Glaze, from flavor houses. Shortly after joining Bell, Sunderhaus began working on a caramel popcorn coating for Shanghai Angke, a customer of Bell and one of Plaintiff's competitors. Bell directed Sunderhaus to use Plaintiff's caramel Glaze Pop as a target and make the flavor as close as possible – 95% or above. Bell's caramel flavor product differs from Plaintiff's because it is not a consumer ready product like Plaintiff's Glaze Pop; rather the customer's own factory determines its own ratio of sugar to add to create a consumer–ready popcorn glaze. Additionally, Bell uses a spray dry manufacturing process which only mixes dry ingredients, whereas Plaintiff's manufacturing process mixes both liquid and dry ingredients.

## II. ANALYSIS

Plaintiff asserts that its caramel Glaze Pop recipe and flavor profile constitute a trade secret and that Defendants misappropriated this trade secret – and Sunderhaus violated his duty of confidentiality to Plaintiff – when Sunderhaus helped Bell create a competitive caramel popcorn coating. In support of its breach of contract claim against Sunderhaus, Plaintiff contends that he signed its employee handbook which created a contractual duty of confidentiality or, alternatively, that he made oral promises of confidentiality which in turn created an enforceable oral contract.

## A. Standard of Review

"Summary judgment is appropriate when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Northfield Ins. Co. v. City of Waukegan, 701 F.3d 1124, 1128 (7th Cir. 2012) (quoting Fed. R. Civ. P. 56(a)); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Wells v. Coker, 707 F.3d 756, 760 (7th Cir. 2013) (internal quotation marks and citation omitted). "On summary judgment a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." Payne v. Pauley, 337 F.3d 767, 770 (7th Cir. 2003) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). The court must view "the record in the light most favorable to the nonmovant and [avoid] the temptation to decide which party's version of the facts is more likely true." Id.

## B. Misappropriation of Plaintiff's Alleged Trade Secret in Its Caramel Glaze Pop Recipe and Flavor Profile under ITSA and DTSA

Defendant argues that Plaintiff has not established that it possesses a trade secret. Under the ITSA, the term trade secret means information that "(1) is sufficiently secret to derive economic value, from not being generally known to other persons who can obtain economic value from its disclosure; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality." Mangren Research & Dev. Corp. v. Nat'l Chem. Co., 87 F.3d 937, 938 (7th Cir. 1996); see Unisource Worldwide, Inc. v. Carrara, 244 F. Supp. 2d 977, 990 (C.D. Ill. 2003). The DTSA also provides a civil remedy where a trade secret is misappropriated and provides the same guidelines for determining what constitutes a trade secret as the ITSA. 18 U.S.C. § 1832. Since both statutes require the party to establish the

4

existence of a trade secret, the Court will first address the issue of whether the caramel Glaze Pop recipe and its flavor profile constitute a trade secret.

The existence of a trade secret ordinarily is a question of fact. Learning Curve Toys, Inc. v. PlayWood Toys, Inc., 342 F.3d 714, 722 (7th Cir. 2003). The Seventh Circuit has noted that a trade secret is one of the most elusive and difficult concepts in the law to define. Id. at 772 (quoting Lear Siegler, inc. v. Ark-Ell Springs, Inc., 569 F.2d 286, 288 (5th Cir. 1978)). Thus, "the question of whether certain information constitutes a trade secret ordinarily is best resolved by a fact finder after full presentation of evidence from each side." Id. (internal citations omitted).

Here, while Plaintiff has some evidence showing that it may possess a trade secret relating to Glaze Pop, the record here is insufficient to engage in any conclusive analysis as to whether the Glaze Pop recipe and flavor profile constitute a trade secret. Moreover, Defendants point to no undisputed facts which show, as a matter of law, that Plaintiff does not possess a trade secret related to Glaze Pop. Put simply, neither parties can reoslve what the Seventh Circuit has called "one of the most elusive and difficult concepts in the law." Learning Curve Toys, Inc., 342 F.3d at 722.

Notwithstanding the Court's conclusion above, the Court rejects Defendants' arguments that Plaintiff cannot, as a matter of law, claim a trade secret since the name of the ingredients are public or because it does not have patent rights over some of the ingredients in Glaze Pop. "A trade secret can exist in a combination of characteristics and components, each of which, by itself, is in the public domain, but the unified process, design and operation of which, in unique combination, affords a competitive advantage and is a protectable secret." 3M v. Pribyl, 259 F.3d 587, 595 (7th Cir. 2001) (citing Syntex Ophthalmics, Inc. v. Tsuetaki, 701 F.2d 677,

5

684 (7th Cir. 1983). Additionally, while the name of certain ingredients is public, the record shows that it is not the name of the ingredient, but rather the specific chemical composition of the ingredient that is important for the recipe and flavor profile which Plaintiff has taken steps to keep confidential.

Finally, the Court rejects Defendants' manufacturing argument. The Court notes that a difference in the manufacturing process resulting in a modification to a recipe does not necessarily preclude a misappropriation claim. See Mangren Research & Dev. Corp. v. Nat'l Chem. Co., 87 F.3d 937, 944 (7th Cir. 1996) ("The user of another's trade secret is liable even if he uses it with modifications or improvements upon it affected by his own efforts, so long as the substance of the process used by the actor is derived from the other's secret."); see also In re Innovative Constr. Sys., 793 F.2d 875, 887 (7th Cir. 1986) (holding modifications are still protected because if trade secret law were not flexible enough to encompass modified or even new products that are substantially derived from the trade secret of another, the protections that law provides would be hollow indeed.).

## C. The Formation of an Enforceable Written or Oral Contract Regarding Confidentiality Between Sunderhaus and Plaintiff

Plaintiff asserts a breach of contract claim against Sunderhaus. The parties agree that Ohio law governs the breach of contract claim. Plaintiff, an Ohio corporation, hired Sunderhaus to work in its Cincinnati, Ohio, headquarters where Sunderhaus signed the employee handbook and according to Plaintiff made oral promises of confidentiality regarding Glaze Pop. Plaintiff argues that the signed employee handbook is an enforceable contract or, alternatively, that Sunderhaus's alleged promises to maintain confidentiality created an oral contract. Under Ohio law "[a] cause of action for breach of contract requires the claimant to establish the existence of a contract, the failure without legal excuse of the other party to perform when performance is

due, and damages or loss resulting from the breach." Lucarell v. Nationwide Mut. Ins. Co., 2018-Ohio-15, ¶ 41; Carpenter v. Long, 963 N.E.2d 857, 886 (Ohio Ct. App. 2011).

As to whether a contract existed, Plaintiff's argues its employee handbook is the basis for a written contract, notwithstanding it expressly states that "[t]his handbook is not an employment contract, expressed or implied." Def. SOMF. Ex. A at 23. In Karnes v. Doctors Hosp, the Ohio Supreme Court reviewed a contract claim where the employee handbook included the same provision stated above. Karnes v. Doctors Hosp., 555 N.E.2d 280 (1990). The employee in that case argued that the employee handbook constituted an employment contract. Id. The court held that such construction of the legal effect of the handbook would belie its clear language to the contrary. Id. at 282. "The [handbook] specifically disclaims any intent to create a contractual relationship between employer and employee and the language of the receipt signed by appellant further underscores that no such construction was intended." Id. As was the situation in Karnes, Plaintiff's handbook specifically disclaims any intent to create a contractual relationship between Plaintiff and Sunderhaus.

Additionally, under Ohio law, a contract cannot be enforced without mutuality of obligation. Morrison v. Circuit City Stores, Inc., 70 F. Supp. 2d 815, 822 (S.D. Ohio 1999). Here, the employee handbook states that it is "presented for informational purposes only, and can be changed at any time by [Plaintiff] with or without notice." Def. SOMF, Ex. A at 23. The court in Trumbull v. Centery Mktg. Corp. looked at an employee handbook with the same provision. The court determined that to hold a valid contract existed would be to create a contract where only one party is bound because the company could simply revoke any term of the handbook when it desired. Trumbull v. Century Mktg. Corp., 12 F. Supp. 2d 683, 686 (N.D. Ohio 1998). Such a contract is not enforceable under Ohio law. Id. Here, Plaintiff could change any term of

7

the employee handbook at its whim and thus only Sunderhaus was bound by the terms. Such a contract lacks mutual obligation. For these reasons, the Court holds that the employee handbook is not an enforceable contract.

Alternatively, Plaintiff argues Sunderhaus created an oral contract by making repeated promises of confidentiality. The parties dispute whether Sunderhaus made such promises, and if so, the when, where, how, and to whom. Because there is a genuine dispute as to a material fact, summary judgement is not appropriate. Accordingly, Defendant Sunderhaus's motion for summary judgment of Count III of Plaintiff's Complaint is denied.

### III. CONCLUSION

The record is insufficient to conclude whether Plaintiff maintained a trade secret in its caramel Glaze Pop recipe and flavor profile or whether Sunderhaus made any enforceable oral promise of confidentiality. Therefore, Defendants motion for summary judgment is denied as to Counts I, II, and III.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: March 2, 2017